IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**KENDRA L. STOKES**                                                                   **PLAINTIFF**

**V.**                                        **5:05CV00323JMM**

**ARKANSAS DEPARTMENT OF
CORRECTION**                                                                          **DEFENDANT**

### ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS

Pending is the Defendant's Motion for Judgment on the Pleadings. The Plaintiff has responded. For the reasons set forth below, the Motion is GRANTED.

Plaintiff was an employee of the Defendant Arkansas Department of Corrections from June 18, 2001 until August 1, 2005. Plaintiff failed to pass the Defendant's required physical assessment test after two opportunities in June of 2005. Consequently, Plaintiff was terminated by the Defendant. Plaintiff filed an EEOC Charge of Discrimination on August 31, 2005 in which she alleged that she had been "terminated because of disability, in violation of the Americans with Disabilities Act of 1990" and that the physical assessment test "discriminate[s] against individuals with disabilities as a class." (Pl's Charge of Discrimination). Plaintiff filed this suit alleging that she was terminated in violation of Title I of the ADA and also that she was discriminated against because of her race, color and sex in violation of Title VII. (Complaint, at p.1-2).

Defendant brings this Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). A motion for judgment on the pleadings will be granted "only where the moving party has clearly established that no material issue of fact remains and the moving party is entitled to judgment as a matter of law." *Potthoff v. Morin*, 245 F.3d 710, 715 (8th Cir.2001). In evaluating the motion, the Court accepts all facts pled by the nonmoving party as true and

draws all reasonable inferences from the facts in favor of the nonmovant. *Franklin High Yield Tax-Free Income Fund v. County of Martin*, 152 F.3d 736, 738 (8th Cir.1998) (citing *Lion Oil Co. v. Tosco Corp.*, 90 F.3d 268, 270 (8th Cir.1996)).

Defendant argues that Plaintiff's ADA claim is barred by the Eleventh Amendment. The Court agrees. In *Faibisch v. Univ. of Minn.*, 304 F.3d 797 (8th Cir. 2002), the Eighth Circuit affirmed a district court's ruling where the court granted the University of Minnesota's motion for summary of judgment of the plaintiff's ADA claim because it found that the Eleventh Amendment barred the ADA claim against the University, a state agency. The Eighth Circuit pointed out that a state is immune from suit under Title I of the ADA unless it waives its sovereign immunity. *Id.* (citing *Board of Trustees of the Univ. Of Alabama v. Garrett,* 531 U.S. 356 (2001).

In the instant case, there has been no argument that the Defendant waived its sovereign immunity and the Court finds no evidence that the State of Arkansas or the Defendant wish to do so. Therefore, the Court finds that the Arkansas Department of Correction is a state agency and is entitled to sovereign immunity from Plaintiff's claim brought under the ADA. *See* Ark. Code Ann. § 12-27-101. Thus, Plaintiff's ADA claims are dismissed.

Further, Defendant argues that because Plaintiff failed to include her Title VII race, color and sex discrimination claims in her EEOC Charge, those claims must be dismissed.

> Title VII establishes an administrative procedure which a complaining employee must follow before filing a lawsuit in federal court. Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts. To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue. 42 U.S.C. § 2000e-5(b), (c), (e).

*Williams v. Little Rock Municipal Water Works*, 21 F.3d 218, 222 (8th Cir. 1994)(internal

citations omitted).

In her Response, Plaintiff states that she explained her discrimination claims based upon race, color and gender to the EEOC. However, these claims were not included in the Charge which she signed. These Title VII claims are separate and distinct from Plaintiff's ADA claims and Defendants did not have an opportunity to address these claims in the EEOC's investigatory or conciliatory processes. "Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *Williams*, 21 F.3d at 223 (quoting *Babrocky v. Jewel Food Co. & Retail Meatcutters*, 773 F.2d 857, 863 (7th Cir.1985)). The Court finds that Plaintiff failed to exhaust her administrative remedies as to the Title VII claims for race, color, and sex discrimination and those claims are, therefore, dismissed.

For these reasons, Defendant's Motion for Judgment on the Pleadings (Docket # 37) is GRANTED. The Clerk is directed to close the case.

IT IS SO ORDERED this 24th day of October 2006.

James M. Moody
United States District Judge